**COMMONWEALTH of Kentucky et al., suing for the Use and Benefit of LETCHER COUNTY, Appellants,**

v.

**Robert B. COLLINS et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 9, 1960.

F. Byrd Hogg, Stephen Combs, Jr., Whitesburg, for appellants.

Harry M. Caudill, Whitesburg, for appellees.

STANLEY, Commissioner.

This action was filed by Letcher County, its county attorney and treasurer against Robert B. Collins, former sheriff, and the sureties on his bond to recover alleged excess fees collected by him amounting to $8,115.46 during his term of office in 1954, 1955, and 1956.

The defendants traversed material allegations of the complaint and pleaded res judicata. They moved that the complaint be dismissed insofar as it purported to have been brought by the Commonwealth because of absence of authority to file it. No such authority was shown and no cause of action for the Commonwealth was alleged. The motion should have been sustained.

Nearly two years elapsed before the plaintiffs took depositions. The defendants offered no evidence. The amount claimed in the complaint was based upon a report of the State Auditor; but it was admitted by the plaintiffs that the amount should be reduced by $3,640.03 under our decision in Funk v. Milliken, Ky., 317 S.W.2d 499, that the cost of operating automobiles on official business is a proper allowance. The amount involved, therefore, became $4,475.43.

The trial court, a special judge presiding, ruled: "Under the confused, unsatisfactory and abbreviated state of the record, the court finds that the plaintiff has not sustained its burden of proof." We readily agree. In the main, the representative of the State Auditor's office accepted "in a large measure the figures and calculations" and a summary of an audit of the sheriff's office for the years 1954 and 1955 made by a certified public accountant employed by the county. But the accountant reported that the excess collections by the sheriff in 1954 were only $72.32 and that there was no excess in 1955. Neither the audit nor report is in the record. There is no clear explanation of the finding by the witness that the sheriff had been overpaid $2,948.33 and $660.98 during the same two years.

The audit for 1956 appears to have been made independently. Illustrative of the insufficient and inadequate proof to sustain the charge of overpayment, it is shown that the auditor's office purportedly reduced from $400 to $250 a month the sheriff's payments to his wife, who was employed for a while as a deputy. This was arbitrary. There was no proof that her salary had not been fixed by the fiscal court or that she had not, in fact, earned the $400 a month. The whole record is a conglomerated and insufficient mass of testimony, unsupported by competent factual evidence.

Disregarding the questionable sufficiency of the complaint, we concur in the finding of the trial court.

The judgment is affirmed.